**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSTANTINE GUS CRISTO,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION; SCHWAB HOLDINGS, INC; CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB BANK; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>Defendants. | CASE NO. 17cv1843-GPC(MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND AMENDED COMPLAINT**<br><br>[Dkt. No. 5.] |

Before the Court is Plaintiff's motion for reconsideration of his application to proceed *in forma pauperis*. (Dkt. No. 5.)

On September 25, 2017, the Court denied Plaintiff's application to proceed *in forma pauperis* because he submitted a declaration reporting that he is currently employed but did not indicate his gross monthly pay. (Dkt. No. 2 at 2.) In his motion, he explains that he is the founder of the Protognosis Institute and is an employee who has chosen not to take any income as it is a charitable organization. In consideration

1 of his lack of income from his position at Protognosis Institute, the Court GRANTS
2 Plaintiff's motion to reconsider the Court's order denying his application to proceed
3 in forma pauperis.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

He reports retirement income of $853.90/month, gifts of $100/month and has $500 in his Charles Schwab account. (Dkt. No. 2.) However, he also has $945.48 in monthly living expenses. (Id. at 4-5.) Plaintiff further claims he has no real property, vehicles or other assets. (Id. at 2-3.) Therefore, based on his declaration indicating no surplus income, the Court GRANTS his application to proceed IFP.

Accordingly, IT IS HEREBY ORDERED that the Clerk shall issue a summons as to Plaintiff's Amended Complaint [Dkt. No. 8] upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Amended Complaint

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

1 and summons upon the Defendants as directed by Plaintiff on the USM Form 285s. All
2 costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); Fed.
3 R. Civ. P. 4(c)(3).

IT IS SO ORDERED.

DATED: November 8, 2017

HON. GONZALO P. CURIEL
United States District Judge