UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINE GUS CRISTO,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION; SCHWAB HOLDINGS, INC.; CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB BANK; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>Defendants. | Case No.: 17-cv-1843-GPC-MDD<br><br>**ORDER DIRECTING PLAINITFF TO INITIATE ARBITRATION WITHIN 30 DAYS** |

On November 6, 2017, Plaintiff, proceeding *pro se*, filed a First Amended Complaint ("FAC") alleging grievances relating to Plaintiff's Schwab accounts stemming from Defendants' production of Plaintiff's financial records to the Internal Revenue Service ("IRS"). (Dkt. No. 8.) The FAC alleges violations of the Right to Privacy Act, 12 U.S.C. §§ 3403, 3404(c), 3405(2), 3407(2), 3410, 3412(b); violations of 18 U.S.C. § 1519; violations of 18 U.S.C. § 241 & § 245(b)(l)(B); violations of 18 U.S.C. § 872; violations of 18 U.S.C. § 1001(a); and violations of 18 U.S.C. § 1341. (Id.) On April 11, 2018, the Court granted Defendants' motion to compel arbitration and stayed the case. (Dkt. No.

1

31.) The order directed that the parties submit a joint status report within five days of the arbitrator's decision. (Id. at 15.) No joint status report was ever filed. Therefore, on August 21, 2019, the Court directed the parties to submit a joint status report as to the status of the arbitration. (Dkt. No. 32.)

On September 4, 2019, Defendants filed a status report indicating that Plaintiff had not yet filed an arbitration against them. (Dkt. No. 33.) On September 6, 2019, Plaintiff filed a status report providing details as to his actions with FINRA and the SEC. (Dkt. No. 34.) In response to the Court's order on arbitration, on April 12, 2018, Plaintiff wrote to the President and CEO of FINRA requesting FINRA's intervention regarding FINRA Rule 12206(a) which states that "[n]o claim shall be eligible for submission to arbitration under the Code where six years elapsed from the occurrence of the event giving rise to the claim" and requested a letter of ineligibility to provide to this Court. (Id. at 2.) On April 13, 2018, Plaintiff also submitted a FINRA Investor Complaint to investigate allegations of deceptive and illegal acts of Defendants. (Id. at 2.) After unsuccessful letters to FINRA and response to his Investor Complaint, and his unsuccessful application for review with the SEC related to FINRA's oversight, he concludes that he is preparing to file a complaint in district court against the SEC and FINRA to adjudicate violations of the securities laws and FINRA's violation of Article II § 2, Cl. 2. (Id. at 8.)

Based on his status report, Plaintiff has not initiated arbitration with FINRA as directed by the Court. See https://www.finra.org/arbitration-mediation/initiate-arbitration-or-mediation. Instead, it appears that he assumed he would be ineligible as time barred and sought an "ineligibility" letter with the President and CEO of FINRA to present to this Court. However, Plaintiff must file an arbitration before a ruling on Rule 12206(a) can be made. Therefore, the Court DIRECTS Plaintiff to initiate arbitration against Defendants within 30 days of this Order.

As to his investor complaint filed with FINRA, the FINRA website specifically states "that **Dispute Resolution is not the same as** filing an investor complaint. Some investors are confused about the differences between resolving monetary disputes through

arbitration or mediation, and filing an investor complaint." See https://www.finra.org/arbitration-mediation/overview (emphasis in original). Plaintiff's Investor Complaint with FINRA is not the same as filing an arbitration claim and has no relevance on the Court's order compelling arbitration.

Accordingly, because Plaintiff has not yet initiated arbitration, the Court DIRECTS Plaintiff to file an arbitration within 30 days of this Order or the Court will issue an order to show cause why the case should not be dismissed for lack of prosecution. The parties shall notify the Court when Plaintiff has filed his arbitration claim with FINRA.

IT IS SO ORDERED.

Dated: September 12, 2019

Hon. Gonzalo P. Curiel
United States District Judge