UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINE GUS CRISTO,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION; SCHWAB HOLDINGS, INC.; CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB BANK; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>　　　　　　　　Defendants. | Case No.: 17-cv-1843-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**[Dkt. No. 40.]** |

On June 21, 2021, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") enjoining the FINRA[1] Panel in FINRA Case No. 19-02822 from convening a three-day evidentiary hearing via Zoom starting on June 28, 2021 and lasting three days until June 30, 2021. (Dkt. No. 40.) Schwab Defendants[2] filed a response on June 23, 2021. (Dkt. No. 4.) A telephonic hearing was held on June 25, 2021. (Dkt. No. 46.) Plaintiff

---

[1] Financial Industry Regulatory Authority
[2] Schwab Defendants include The Charles Schwab Corporation, Schwab Holdings, Inc., Charles Schwab & Co., Inc., Charles Schwab Bank, and Charles Schwab Investment Management, Inc.

appeared pro se, and Stacey Garrett, Esq. appeared on behalf of Schwab Defendants. (*Id.*) Based on the briefs, the applicable law, the supporting documentation, and hearing oral argument, the Court DENIES Plaintiff's ex parte application for a temporary restraining order and preliminary injunction.

**Background**

On November 6, 2017, Plaintiff, proceeding *pro se*, filed a First Amended Complaint ("FAC") alleging grievances stemming from Schwab Defendants' production of Plaintiff's financial records to the Internal Revenue Service ("IRS") without his knowledge or consent. (Dkt. No. 8, FAC.) The FAC alleges violations of the Right to Privacy Act, 12 U.S.C. §§ 3403, 3404(c), 3405(2), 3407(2), 3410, 3412(b); violations of 18 U.S.C. § 1519; violations of 18 U.S.C. § 241 & § 245(b)(l)(B); violations of 18 U.S.C. § 872; violations of 18 U.S.C. § 1001(a); and violations of 18 U.S.C. § 1341. (*Id.*) On April 11, 2018, the Court granted Defendants' motion to compel arbitration and stayed the case. (Dkt. No. 31.) The order directed the parties to submit a joint status report within five days of the arbitrator's decision. (*Id.* at 15.) Because no joint status report was ever filed, on August 21, 2019, the Court directed the parties to file a status report on the arbitration proceedings. (Dkt. No. 32.) Both parties' status reports indicated that arbitration had not yet commenced, (Dkt. Nos. 33, 34), therefore, on September 12, 2019, the Court directed Plaintiff to initiate arbitration within 30 days. (Dkt. No. 35.) On September 17, 2019, Plaintiff informed that Court that he filed an arbitration claim with FINRA and filed it "under protest." (Dkt. No. 36.)

Shortly after filing the arbitration claim, on October 2, 2019, Plaintiff filed a complaint against the U.S. Securities and Exchange Commission ("SEC"), Financial Industry Regulatory Authority ("FINRA"), Jay Clayton, in his official capacity as Chairman of the SEC, William Barr, in his official capacity as the United States Attorney General, and Robert W. Cook, in his official capacity as President and Chief Executive Officer of FINRA. (Case No. 18cv1910-GPC(MDD), Dkt. No. 1.) In the complaint, Plaintiff alleged improper FINRA investigation of his Investor Complaint, improper SEC

review of FINRA's investigation as well as inconsistent statements/advisements by FINRA and the SEC concerning his attempts to obtain a ruling of ineligibility for arbitration and seeking to return the arbitrable issues back to this Court. (*Id.*) On May 26, 2020, and June 17, 2020, the Court granted all Defendants' motion to dismiss for lack of subject matter jurisdiction. (*Id.*, Dkt. Nos. 29, 35.) In the May 26, 2020 order, the Court noted that Plaintiff was attempting to undermine the Court's prior order compelling arbitration and explained that "[o]nce the arbitration panel issues its decision, Plaintiff may seek to vacate or confirm the arbitration award." (*Id.*, Dkt. No. 29 at 19.[3])

Despite the Court's direction to complete the arbitration, on June 21, 2021, Plaintiff filed the instant ex parte application for a temporary restraining order enjoining the FINRA Zoom evidentiary hearing set for June 28-30, 2021. (Dkt. No. 40.) First, he argues that he did not agree to participate in any virtual Zoom hearing and due to his lack of experience and unfamiliarity in using the Zoom platform, he will be at an extreme disadvantage against an attorney who has experience in the Zoom medium. (*Id.* at 9.) Second, he seeks to enjoin FINRA's evidentiary hearing because of numerous rulings that favor Schwab Defendants demonstrating collusion and bias against him. (*See id.* at 16-79.) In the conclusion, he also asks, "[i]f permitted, Plaintiff moves [the] Court to reverse the FINRA Panel's denial of Plaintiff's Motion to Dismiss, and remand this case back to this Court." (*Id.* at 81.) Schwab Defendants oppose arguing that, under Ninth Circuit precedent, courts should not intervene in pending arbitration.

## Discussion

### A. Enjoining a Pending Arbitration

The Ninth Circuit has held that "judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases." *Aerojet–General Corp. v. Am. Arb. Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). The court explained "[t]he basic purpose of arbitration is the speedy disposition of disputes without the

---

[3] Page numbers are based on the CM/ECF pagination.

expense and delay of extended court proceedings," and "[t]o permit what is in effect an appeal of an interlocutory ruling of the arbitrator would frustrate this purpose." *Id.* Therefore, "a district court's authority is generally limited to decisions that bookend the arbitration itself. Before arbitration begins, the district court has the authority to determine whether there is a valid arbitration agreement between the parties, and if so, whether the current dispute is within its scope. . . [a]fter a final arbitration award, the parties may petition the district court to affirm the award, [ ], or to vacate, modify, or correct it, [ ]." *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015); *Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011) ("[J]udges must not intervene in pending arbitration to direct arbitrators to resolve an issue one way rather than another. . . Review comes at the beginning or the end, but not in the middle.") (citation omitted). This rule barring any intervention in pending arbitration "applies with equal force to claims of arbitrator partiality." *In re Sussex*, 781 F.3d at 1073 (citing *Smith v. American Arbitration Ass'n, Inc.*, 233 F.3d 502, 506 (7th Cir. 2000) ("The time to challenge an arbitration, on whatever grounds, including bias, is when the arbitration is completed and an award rendered.")).

      In *In re Sussex*, the Ninth Circuit granted the extraordinary relief of a writ of mandamus when the district court clearly erred in granting a motion to disqualify the arbitrator during a pending arbitration for "evident partiality." *Id.* at 1073. The district court held that disqualification of the arbitrator was warranted because the arbitration was in its early stages, the consolidated arbitrations involved 385 plaintiffs, and the court surmised that at the end of the arbitration, the moving party would likely prevail on a motion to vacate the arbitration award based on "evident partiality," a basis for vacating an arbitration award under the FAA. *Id.* at 1070. The court explained that the undisclosed business ventures of the arbitrator would create a reasonable impression of bias sufficient to meet the FAA standard and if the award were vacated, the parties would have to repeat the arbitration process, which would result in a waste of time and resources. *Id.*

The Ninth Circuit rejected the district court's ruling as clearly erroneous on a showing of "evident partiality" because the district court predicted that an arbitration award would likely be vacated due to "evident partiality" but Ninth Circuit law requires evidence of a direct financial connection between a party and the arbitrator or a concrete possibility of such connections. *Id.* at 1074. Further, even if there was a reasonable impression of partiality, the "district court's equitable concern that delays and expenses would result if an arbitration award were vacated is manifestly inadequate to justify a mid-arbitration intervention, regardless of the size and early stage of the arbitration." *Id.* at 1075. Interestingly, the Ninth Circuit noted that since its ruling in *Aerojet-General*, in 1973, it has never approved a court's intervention in a pending arbitration. *Id.* at 1073.

Here, Plaintiff seeks an extraordinary relief of a temporary restraining order enjoining a pending arbitration. However, Plaintiff does not present evidence, arguments or legal authority demonstrating an extreme case that warrants the Court's intervention in a pending arbitration. At most, Plaintiff disagrees with a number of procedural decisions concerning the arbitration which is not subject to judicial scrutiny during the arbitration. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 643 (9th Cir. 2010) ("In the absence of an express agreement to the contrary, procedural questions are submitted to the arbitrator, either explicitly or implicitly, along with the merits of the dispute.")

For example, Plaintiff argues that he never agreed to a Zoom hearing and it would be prejudicial since he is not familiar with the platform. Yet, the transcript of the pre-hearing conference recording of March 26, 2021 shows Plaintiff was aware and agreed to the evidentiary hearing on June 28-30, 2021, presumably by Zoom. (Dkt. No. 42-4, Garrett Decl., Ex. H.) Plaintiff had sought a postponement of the evidentiary hearing with the Director of FINRA Dispute Resolution but his request for postponement was denied on June 22, 2021 with the right to re-raise the issue with the arbitration panel for final decision. (*Id.*, Ex. J.) Further, Plaintiff agreed to be bound by FINRA's rules and procedures relating to the arbitration. (Dkt. No. 42-2, Garrett Decl., Ex. A.) FINRA

5

Rule 12213(a)[4] gives FINRA the authority to determine the hearing location. *See Legaspy v. Fin. Indus. Regulatory Auth., Inc.*, Case No. 20 C 4700, 2020 WL 4696818, at *2 (N.D. Ill. Aug. 13, 2020) (denying TRO to enjoin a scheduled remote Zoom hearing).

In addition, Plaintiff disagrees with a number of procedural rulings concerning scheduling, discovery and eligibility without demonstrating a legal or factual basis of an "extreme case[]" for the Court to intervene in a pending arbitration. (See Dkt. No. 40 at 16-63.) Further, Plaintiff's general claim without specific facts of bias by the arbitrator or collusion between the arbitrator and Schwab Defendants, (*see id*. at 63-77), are also insufficient reasons for the Court to intervene. *See In re Sussex*, 781 F.3d at 1073. Accordingly, the Court DENIES Plaintiff's motion for temporary restraining order and preliminary injunction. Moreover, even if the Court were to consider the TRO, Plaintiff has failed to satisfy the elements to support it.

**B.  TRO**

To obtain a TRO or preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

---

[4] (a) U.S. Hearing Location
(1) The Director will decide which of FINRA's hearing locations will be the hearing location for the arbitration. Generally, the Director will select the hearing location closest to the customer's residence at the time of the events giving rise to the dispute, unless the hearing location closest to the customer's residence is in a different state, in which case the customer may request a hearing location in the customer's state of residence at the time of the events giving rise to the dispute.
(2) Before arbitrator lists are sent to the parties under Rule 12402(c) or Rule 12403(b), the parties may agree in writing to a hearing location other than the one selected by the Director.
(3) The Director may change the hearing location upon motion of a party, as set forth in Rule 12503.
(4) After the panel is appointed, the panel may decide a motion relating to changing the hearing location. FINRA Rule 12213(a).

entitled to such relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four *Winter* prongs. *See DISH Network Corp. v. FCC*, 653 F.3d 771, 776-77 (9th Cir. 2011).

As a threshold issue, the Court cannot enjoin an entity, FINRA, that is not a party to the litigation. *See* Fed. R. Civ. P. 65(d)(2)(A)-(C) (an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation.") Because FINRA is not a party to the litigation, Plaintiff's TRO fails.

Moreover, Plaintiff has not demonstrated a likelihood of success on the merits because the relief he seeks has nothing to do with the claims in his complaint. *See Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Case No. 16-cv-06071-JD, 2016 WL 927545, at *2 (N.D. Cal. Nov. 10, 2016), *aff'd* 694 Fed. App'x 561 (9th Cir 2017) (denying plaintiff's motion for TRO to dismiss the parties' ongoing FINRA arbitration and order the FINRA panel to comply with its rules because there is no link between the injunctive relief sought and the likelihood of success or serious questions on the merits of the complaint's claims); *Monro v. Kelly*, Case No. 6:17-cv-01650-SB, 2018 WL 6422465, at *2 (D. Or. Dec. 6, 2018) (denying preliminary junction because the requested relief does not relate to the allegations in the complaint); *Timbisha Shoshone Tribe v. Salazar*, 697 F. Supp. 2d 1181, 1187 (E.D. Cal. 2010) (relevant inquiring is whether plaintiffs "are likely to prevail on the causes of action they assert in their complaint.")

Plaintiff failed to establish a likelihood of success on the merits of his claims because his arguments are unrelated to the claims in the complaint. Further, Plaintiff has not articulated any irreparable harm that will result if the arbitration proceedings were to continue, or that the balance of hardships tips in his favor. (Dkt. No. 40 at 77-79.) Accordingly, the Court DENIES Plaintiff's motion to enjoin the evidentiary hearing set to begin on June 28, 2021 via Zoom before the FINRA arbitration panel.

///

///

**Conclusion**

Based on the reasoning above, the Court DENIES Plaintiff's ex parte motion for temporary restraining order and preliminary injunction. The case shall remain stayed until final resolution of the arbitration.

IT IS SO ORDERED.

Dated: June 25, 2021

Hon. Gonzalo P. Curiel
United States District Judge